UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RAYMOND P. BREHMER,<br>    Plaintiff<br><br>v.<br><br>CITY OF WARWICK, by and through<br>its Treasurer, David Olsen,<br>NORMAND GUILBERT, individually<br>and in his official capacity as an officer<br>employed by the City of Warwick,<br>    Defendants | :<br>:<br>:<br>:   C.A. No.:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

### I. Introduction

This action is brought by the Plaintiff seeking relief for injuries suffered as a result of acts and/or omissions committed by the Defendants in violation of the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, Article I, §6 of the Rhode Island Constitution and common law.

### II. Parties

1. During all relevant time periods, the Plaintiff, Raymond P. Brehmer, was a resident of the City of Warwick, County of Kent, State of Rhode Island.

2. Defendant City of Warwick ("City") is a duly authorized and organized municipality pursuant to the laws of the State of Rhode Island and is sued by and through its Treasurer, David Olsen, the official designated by State Law, R.I.G.L. §45-15-5, to be named in a suit for relief against the City.

3. Defendant Normand Guilbert ("Guilbert") is sued individually and in his official capacity as a police officer employed by the City Police Department ("Department").

### III. Jurisdiction

4.  This Court has jurisdiction over the Plaintiff's claims under 42 U.S.C. 1983 pursuant to 28 U.S.C. §§1331 and 1343, and supplemental jurisdiction over Plaintiff's claims under Article 1, §6 of the Rhode Island Constitution and common law pursuant to 28 U.S.C. §1367.

### IV. Venue

5.  Venue is proper in this Court insofar as a substantial portion of the events giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Material Facts

6.  The Plaintiff is the father of a minor child.

7.  During all relevant time periods, the minor child was in the custody of her mother who resided in Warwick, RI.

8.  On the morning of November 26, 2023, the Plaintiff contacted the Department to request assistance while he was attempting to visit his minor child.

9.  At the time that the Plaintiff contacted the Department, he was in a parking lot on Post Road in Warwick, RI.

10. Defendant Guilbert responded to the Plaintiff's request for assistance and met the Plaintiff in the parking lot located on Post Road in Warwick, RI.

11. After Defendant Guilbert's arrival, he asked the Plaintiff for any paperwork regarding visitation with his minor child.

12. The Plaintiff provided Defendant Guilbert with paperwork and stated that he was permitted to visit his minor child on Sundays.

13. Defendant Guilbert then returned to his vehicle for several minutes and then told the Plaintiff that he was not permitted to visit his daughter.

14. The Plaintiff then became upset and cursed at Defendant Guilbert.

15. Defendant Guilbert then informed the Plaintiff that if he went to visit his minor child he would be arrested for trespassing and returned to his vehicle.

16. The Plaintiff again cursed at Defendant Guilbert, which resulted in Defendant Guilbert seizing the Plaintiff and forcing him to the ground.

17. Due to the unreasonable and excessive force Defendant Guilbert used in seizing the Plaintiff, he sustained serious injuries.

18. The Plaintiff was subsequently arrested and charged with disorderly contact.

19. Defendant City thereafter dismissed the charge of disorderly conduct.

20. That Defendant City failed to properly select, train, instruct, supervise, and discipline officers in the City Department, including Defendant Guilbert, relative to law of seizure and use of force resulting in the illegal and unlawful seizure of the Plaintiff.

21. That on information and belief, during all relevant time periods, a custom or policy existed in the City Department wherein police officers' misconduct was encouraged, ignored, acquiesced to and/or condoned, and to which Defendant City was deliberately indifferent.

22. That Defendant City is liable under the doctrine of *respondeat superior* for the negligent acts and/or omissions of its agents, including Defendant Guilbert, a police officer employed by the City Department, whose acts and/or omissions were within the scope of his employment and were the proximate cause of the serious injuries suffered by the Plaintiff. R.I.G.L. §9-31-1.

23. The Defendants knew or should have known that the seizure of and use of force upon the Plaintiff was unreasonable and excessive and was therefore unlawful under the circumstances.

Despite such knowledge, Defendant City, by and through its policy-making officials and agents, approved, ignored, acquiesced to, condoned, intentionally ignored, and/or were deliberately indifferent to the practice of routinely utilizing excessive force and seizing, assaulting, and battering individuals without legal cause, and failed to change or eliminate such unlawful policy.

24. At all relevant times, the Defendants acted negligently, intentionally, willfully, maliciously, and/or with reckless or callous indifference to the Plaintiff's constitutionally protected rights. Furthermore, at all relevant times, Defendant Guilbert knew or should have known that his conduct would cause or contribute to the deprivation of Plaintiff's civil rights and cause the Plaintiff great harm.

25. As a proximate result of the Defendants' acts and/or omissions, including, but not limited to, these described herein, the Plaintiff has suffered, and will continue to suffer severe physical pain and suffering, severe mental anguish, incur expenses for medical care and treatment, deprivation of his civil rights, and other great damage.

## VI. Claims for Relief

26. The Plaintiff incorporates in the Counts below the allegations contained in ¶¶1–25 above.

### Count One
### Negligence

27. That Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, failed or refused to exercise reasonable care to avoid inflicting reasonably foreseeable harm to the Plaintiff, causing the Plaintiff to suffer damages as aforesaid.

## Count Two
### Assault

28.     That Defendant Guilbert, by his acts and/or omissions, including, but not limited to, those described herein, did commit acts of a threatening nature towards the Plaintiff, causing the Plaintiff to reasonably fear imminent bodily harm, thereby committing an assault, causing the Plaintiff to suffer damages as aforesaid.

## Count Three
### Battery

29.     That Defendant Guilbert, by his acts and/or omissions, including, but not limited to, those described herein, did intentionally cause offensive contact with and unconsented touching of the Plaintiff as well as trauma upon the body of the Plaintiff, thereby committing a battery, causing the Plaintiff to suffer damages as aforesaid.

## Count Four
### 42 U.S.C. §1983

30.     Defendants, acting under color of state law, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, caused the Plaintiff to be illegally arrested and seized in derogation of the Plaintiff's constitutional right to be free from unreasonable and excessive use of force, causing the Plaintiff to sustain damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

## Count Five
### Article I, §6 of the Rhode Island Constitution

31.     That Defendants, acting under color of state law, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, caused the Plaintiff to be illegally arrested and seized in derogation of the Plaintiff's constitutional right to be free from

unreasonable and excessive use of force, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Article I, §6 of the Rhode Island Constitution.

## VII. Prayers for Relief

**WHEREFORE**, the Plaintiff prays that this Court grant the following relief:

a.   a declaratory judgment that the Defendants, in the manner described herein, violated the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, and Article I, §6 of the Rhode Island Constitution by causing the Plaintiff to be unlawfully seized;

b.   an award of compensatory damages;

c.   an award of punitive damages;

d.   an award of reasonable attorney's fees and costs of litigation to the Plaintiff's attorney pursuant to 42 U.S.C. §1988; and,

e.   such other and further relief as the Court deems just and proper.

## VIII. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable

## IX. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esq. as trial counsel.

PLAINTIFF,
By his attorneys,
FORMISANO & COMPANY, P.C.


/s/ V. Edward Formisano
V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI  02920
(401) 944-9691
(401) 944-9695 (facsimile)
Email: edf@formisanoandcompany.com

## **CERTIFICATION**

I hereby certify that the within document has been electronically filed with the Court on this 3rd day of September, 2025 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano